**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

JOHN AMBUEHL; MARA AMBUEHL, a/k/a Maria Ambuehl; OLIVER BIGLER; STEPHANIE BIRD; IVY BLECHMAN; JEREMY BRUMMETT; PATRICIA BYINGTON; ANTHONY CARDON; CLARK CURTIS; STACEY CURTIS; COLBY DALLEY; MICHELLE DALLEY; RICK DIXON; ERIC FONTANA; TAMMY FONTANA; MARCO FRANK; JULIE H. GAILEY; A. VARNEY GAILEY; JEFFERY GLINES; BRIAN GUNNELL; KRIS HANSEN; KEITH HARRISON; WARREN JONES; DEAN JORGENSEN; LOUISE JORGENSEN; BRADLEY D. KING; JILLYN P. KING; RYAN LARSEN; SANDY LARSEN; GREGORY MAGLEBY; TINA MAGLEBY; MIKE MERRILL; SHAWN MOON; DENISE MONGIE; GARY MUNSEN; MARCUS NICOLLS; LESTER NIELSON; JANICE NIELSON; BENJAMIN PACK; KELLY PACK; KEVIN PILON; SHARON PILON; JOSH PRAZEN; AARON REDDING; ALICIA REDDING; LINDA REID; STACY REID; DOUGLAS RICH; BRETT ROSIER; SANDRA ROSIER; JANIS SALISBURY; JIM SALISBURY; LYLE SHENEMAN; BECKY SODENKAMP; JANA SMITH; STEVE SMITH; DARIN SOUTHAM; MARK STILLMAN; RENDY STILLMAN; DOUGLAS STODDARD; LINDA STODDARD; BARBARA STUART; SHAUN SYLVESTER; JULIE TAYLOR; TODD TAYLOR; ROBYN TISCHNER; TROY TISCHNER;

No. 13-4068
(D.C. No. 2:11-CV-00693-DS)
(D. Utah)

STEVEN R. VAUGHN; DEBBRA L. VAUGHN; ROBERT VIGESAA; LEA VIGESAA; DIANE WARNER; BRANDON WATERS; DENEISE YOUNG; KENDALL YOUNG; HEIDI SHAFTO; RACHEL CARDON; HOLLY HYATT; SCOTT HYATT,

Plaintiffs-Appellants,

v.

AEGIS WHOLESALE; AMERICAN HOME MORTGAGE ACCEPTANCE; BANK ONE; BARCLAYS PLC; FRANKLIN AMERICAN MORTGAGE; INDYMAC BANK; ING BANK N.V.; NET BANK, a federal savings bank; JP MORGAN CHASE BANK; M & T MORTGAGE; COLUMBIA STATE BANK; AMERICA'S WHOLESALE LENDER; BANK OF AMERICA N.A.; COUNTRYWIDE BANK; COUNTRYWIDE BANK FSB; COUNTRYWIDE BANK N.A.; COUNTRYWIDE HOME LOANS, INC.; AURORA BANK, FSB, f/k/a Lehman Brothers Bank, FSB; FIRST TENNESSEE BANK, as successor to First Horizon Home Loans, LP; PROVIDENT FUNDING ASSOCIATES, L.P.; WELLS FARGO MORTGAGE; WELLS FARGO HOME MORTGAGE; WELLS FARGO BANK, N.A.; WORLD SAVINGS BANK, FSB; ONEWEST BANK FSB; GMAC MORTGAGE, LLC; HOMECOMINGS FINANCIAL; CITIFINANCIAL, INC.; CITIMORTGAGE, INC.; ONEMAIN FINANCIAL; ARGENT MORTGAGE CO., LLC; PNC FINANCIAL SERVICES GROUP,

Defendants-Appellees,

and

U.S. BANK, N.A.; U.S. BANK
NATIONAL ASSOCIATION; GMAC
MORTGAGE, LLC; HOMECOMINGS
FINANCIAL,

      Defendants.

---

**ORDER AND JUDGMENT**[*]

---

Before **LUCERO**, **McKAY**, and **HARTZ**, Circuit Judges.

---

Plaintiffs filed a one-count complaint against numerous financial institutions

seeking rescission of their home loan agreements based on their alleged unilateral

mistake. The district court granted all of the Defendants' motions to dismiss under

Fed. R. Civ. P. 12(b)(6) for failure to state a claim. Exercising jurisdiction under

28 U.S.C. § 1291, we affirm.

Plaintiffs separately signed home mortgage financing agreements with one of

the named Defendants. They concede "they knew and understood that the originating

---

[*]    After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

financial institution could sell, transfer or assign the loan to a new entity." Aplt. Opening Br. at 17; *see also* Aplt. App. at 79.[1] But their complaint alleged they did not understand they were entering a "new and different world of high finance" in which loans were not serviced by the lender but by loan servicing companies. Aplt. App. at 72. Their mistake, they say, is believing they "would always have a traditional lender/borrower relationship," *id*. at 79, and not understanding that a loan servicer might not have the same authority or economic incentive to modify the loan terms as would the original lender, *id*. at 82. Plaintiffs sought rescission based solely on this claimed unilateral "mistake and the missing of the minds by the parties." *Id*. at 72.

Defendants filed Rule 12(b) motions asserting some or all of the following defenses: (1) each Plaintiff signed disclosure documents notifying them that their loans could be transferred to loan servicers and that the servicers might change; (2) Plaintiffs failed to allege the elements of rescission; (3) Plaintiffs lacked standing because they did not allege damages; (4) Plaintiffs failed to plead their allegation of mistake with particularity, as required by Fed. R. Civ. P. 9(b); (5) Plaintiffs' claims are preempted by the Real Estate Settlement Procedures Act; and (6) claims by many

---

[1] Defendants asked the district court to take judicial notice of Plaintiffs' loan documents which all expressly disclosed that the loans could be sold to loan servicers. *See Berneike v. CitiMortgage, Inc*., 708 F.3d 1141, 1146 (10th Cir. 2013) (holding court can take judicial notice of documents when ruling on a Rule 12(b)(6) motion if they are referred to in the complaint and are central to the claim). It is unclear from the district court's orders, however, whether the court took judicial notice of the loan documents.

- 4 -

of the Plaintiffs are time-barred by Utah Code Ann. § 78B-2-305.[2]  The district court

separately granted each of the seventeen motions to dismiss, stating in each it did so

"for generally the same reasons set forth in the supporting pleadings."  *See, e.g.*,

Aplt. App. at 1860 (the first order) and *id*. at 1997 (the final order).  The district court

also denied Plaintiffs' motions to amend the complaint because the motions did not

comply with local rules and amendments would, in any event, be futile.

On appeal, Plaintiffs challenge two of the grounds asserted for dismissal,

namely that they plausibly stated a rescission claim and that they pled mistake with

sufficient particularity under Rule 9(b).  "To survive a motion to dismiss, a complaint

must contain sufficient factual matter, accepted as true, to 'state a claim to relief that

is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell

Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "Our review of a [Rule] 12(b)(6)

dismissal is de novo."  *Diversey v. Schmidly*, 738 F.3d 1196, 1199 (10th Cir. 2013).

"We accept the well-pled factual allegations in the complaint as true, resolve all

reasonable inferences in the plaintiff's favor, and ask whether it is plausible that the

---

[2]      In addition to these universal grounds for dismissal, two Defendants additionally moved to dismiss on claim preclusion grounds.  Defendant PNC Bank, N.A. (PNC), moved to dismiss because the only plaintiff alleged to have borrowed from PNC had already filed and lost a federal lawsuit raising claims including challenges to the transfer of the loan to a loan servicer.  Similarly, Defendants Bank of America, N.A., Countrywide Bank, FSB, Countrywide Bank, N.A., and Countrywide Home Loans, Inc. (collectively, Bank of America), moved to dismiss because all of the six Plaintiffs with whom they had entered into loan agreements had previously filed claims to rescind the same mortgage loans.

plaintiff is entitled to relief." *Id*. (citation omitted and internal quotation marks omitted).

Under Utah law, which governs Plaintiffs' rescission claim, the required elements for the equitable relief of rescission based on a unilateral mistake are: (1) "[t]he mistake must be of so grave a consequence that to enforce the contract as actually made would be unconscionable"; (2) "[t]he matter as to which the mistake was made must relate to a material feature of the contract"; (3) "[t]he mistake must have occurred notwithstanding the exercise of ordinary diligence by the party making the mistake"; and (4) it must be possible to return the other party to status quo. *John Call Eng'g, Inc. v. Manti City Corp.*, 743 P.2d 1205, 1209-10 (Utah 1987).

Plaintiffs' complaint contains no factual basis for their alleged belief that the loans would not be transferred to a loan servicer. They allege no facts, nor cite any provision of the loan documents, that would have led a reasonable person to believe he or she was entering into a so-called long-term traditional borrower/lender relationship. Further, Plaintiffs fail to allege any facts, or articulate any legal basis, suggesting their claimed unilateral misunderstanding states a plausible rescission claim under Utah law. The complaint does not allege any facts suggesting the ability to modify the agreed-upon loan terms was a material feature of their agreements, or is of so grave a consequence as to make it unconscionable to enforce the agreements as written. We conclude Plaintiffs have not alleged a plausible claim for rescission under Utah law.

Given this conclusion, we need not address Plaintiffs' Rule 9(b) argument. Plaintiffs offer no argument as to why the district court erred in dismissing the complaint on any or all of the Defendants' additional grounds for dismissal, nor do they challenge the orders denying their motions to amend their complaint. Thus, Plaintiffs failed to preserve any appellate challenge as to any of those grounds for dismissal. *See Bronson v. Swensen*, 500 F.3d 1099, 1104 (10th Cir. 2007) ("[W]e routinely have declined to consider arguments that are not raised, or are inadequately presented, in an appellant's opening brief.").

The judgment of the district court is affirmed.

Entered for the Court

Monroe G. McKay
Circuit Judge